IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
06/03/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

JAIR MARIN MORALES,                          )
                                             )
                    Petitioner,              )
                                             )
        v.                                   )   Case No. 26-3099-JWL
                                             )
SAMUEL OLSON, Director, ICE Field Office;    )
MARKWAYNE MULLIN, DHS Secretary;             )
TODD BLANCHE, Acting Attorney General;       )
TODD M. LYONS, Acting Director, ICE; and     )
MISTY MACKEY, Warden,                        )
        Midwest Regional Reception Center,   )
                                             )
                    Respondents.             )
                                             )
_____)

## **MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of Mexico who entered the United States without authorization in 2016. On January 15, 2025, petitioner was convicted in state court of drug and firearm offenses. The following day, on January 16, 2025, removal proceedings were initiated, and immigration officials took petitioner into custody. On January 15, 2026, an immigration judge ordered petitioner's removal to Mexico while denying his applications for relief from removal. On February 6, 2026, petitioner filed an appeal of the removal order to the Board of Immigration Appeals (BIA), but that appeal remains pending, with

no briefing schedule set.  Petitioner is presently detained within this judicial district.  On April 22, 2026, petitioner filed the instant habeas petition.  Respondents have filed an answer to the petition, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

As his sole claim, petitioner asserts that his detention pursuant to 8 U.S.C. § 1226(c) without a bond hearing violates due process.  That statute requires mandatory detention for certain aliens, including those deportable by reason of having committed certain criminal offenses.  *See id.*  Petitioner does not dispute that he has committed such offenses and is therefore subject to mandatory detention by Section 1226(c).

As respondents note, in *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that although aliens are entitled to due process in immigration proceedings, their mandatory detention under Section 1226(c) without a determination concerning danger to society or the risk of flight is constitutional.  *See id.*[1]  Subsequently, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court held that Section 1226(c) itself does not grant any right to a bond hearing after any particular amount of time.  *See id.*  In *Demore*, however, the Court's specific holding was that Congress, out of concern that non-detained aliens continue to engage in crime or fail to appear for removal proceedings, could require detention "for the *brief* period necessary" for those proceedings, *see Demore*, 538 U.S. at 513 (emphasis added); and it relied in part on statistics showing that in the great majority of cases involving detention under Section 1226(c), removal proceedings are

---

[1]  The Supreme Court first concluded that 8 U.S.C. § 1226(e) did not deprive courts of jurisdiction to consider such a constitutional claim.  *See Demore*, 538 U.S. at 516-17.

concluded in an average time of 47 days (with a median of 30 days), with the other cases resolved after an appeal lasting an average of four months, *see id.* at 529; *see also id.* at 531 (concluding that the detention of the petitioner "for the *limited* period of his removal proceedings" was constitutional) (emphasis added).  In a concurring opinion (in a 5-4 decision), Justice Kennedy noted that the ultimate purpose behind detention under Section 1226(c) is premised on the alien's deportability; and he further acknowledged the possibility of an as-applied constitutional challenge to such detention as follows:

> [S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.  Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against the risk of flight or dangerousness, but to incarcerate for other reasons.

*See id.* at 531, 532-33 (Kennedy, J., concurring) (citations omitted).

Since *Demore* and *Jennings* were decided, courts have entertained as-applied due process challenges to detention under Section 1226(c) without a bond hearing.  *See Nguyen v. Carter*, 2026 WL 522650, at *2 (D. Kan. Feb. 25, 2026) (Lungstrum, J.) (citing cases). This Court has considered such a challenge in three cases.  *See id.* at *2-4; *Moreno-Bastidas v. Barr*, 2020 WL 3639774, at *8-10 (D. Kan. July 6, 2020) (Lungstrum, J.); *Tkachenko v. Mackey*, 2026 WL 1578467, at *2-4 (D. Kan. June 3, 2026) (Lungstrum, J.).  In those cases, the Court considered the following six factors typically used by courts to assess such an as-applied due process claim to mandatory detention without a bond hearing under Section 1226(c):

3

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*See Nguyen*, 2026 WL 522650, at \*2 (quoting *Moreno-Bastidas*, 2020 WL 3639774, at \*8-9); *Tkachenko*, 2026 WL 1578467, at \*2.

Respondents argue against use of such a multi-factor test, citing *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), but, for the reasons discussed above, the Court does not agree with the Eighth Circuit's conclusion in *Banyee*, *see id.* at 931-33, that the Supreme Court's cases foreclose an as-applied due process challenge if removal proceedings are still pending. *See Tkachenko*, slip op. at 4 (rejecting the same argument). Accordingly, the Court will assess petitioner's claim under the factors that it has applied in its prior cases. The Court concludes that those factors, considered together, do not weigh in favor of petitioner and his claim of a due process violation based on his detention without a bond hearing.

*First*, petitioner has been detained for over 16 months. The Court agrees with petitioner that that is not the "brief" period for removal proceedings assumed by Supreme Court in *Demore*, and is a significantly longer period of time than suggested by the statistics on which the Court relied in that case. Thus, this factor weighs in petitioner's favor.

*Second*, with respect to future detention, it is unknown when petitioner's appeal will be resolved, as the BIA has not set a briefing schedule. That appeal, however, was filed only four months ago, and thus its duration has not yet become unreasonable. Thus, the Court does not weigh this factor for or against petitioner.

*Third*, petitioner argues that his confinement has been penal, as if he were a convicted criminal, which confinement has exacerbated certain medical conditions. The Court agrees with respondents, however, that petitioner has not shown that the present conditions of his confinement are atypical or particularly harsh. The Court finds that this factor does not weigh for or against petitioner.

*Fourth and fifth*, petitioner's proceedings before the immigration court were delayed for a period of many months because petitioner sought continuances so that he could apply for certain collateral relief, although he subsequently abandoned that effort. Petitioner argues that the circumstances that ultimately made that relief unavailable were outside his control. Nevertheless, petitioner's removal proceedings were somewhat prolonged because of his decision to pursue that application. There has been no suggestion that the Government engaged in misconduct or acted in bad faith in the removal proceedings. Moreover, as noted above, the duration of the appeal has not yet become unreasonable. Accordingly, the Court finds that that these factors do not weigh for or against petitioner.

*Sixth*, the likelihood that petitioner's removal proceedings will ultimately result in an order of removal cannot easily be determined by the Court. The immigration judge ruled against petitioner, but neither side has submitted that judge's order, and thus the Court is unable to consider the likelihood of the appeal's success – particularly in the absence of any argument by petitioner that the appeal does in fact have merit. Therefore, petitioner has not established that this factor weighs in his favor.

As a whole, these factors do not weigh against the Government as much as they did in *Nguyen*, in which the Court granted relief, as in that case the petitioner had been detained

for nearly 21 months and had prevailed before the immigration judge, with the Government taking the appeal to the BIA. *See Nguyen*, 2026 WL 522650, at *2-3. Nor is petitioner's claim as compelling as the claim in *Tkachenko*, in which the Court, in what it deemed to be a "close case," ruled in favor of a petitioner whose appeal had dragged on for ten months without a briefing schedule. *See Tkachenko*, 2026 WL 1578467, at *2-4. Considering the relevant factors as discussed above, the Court finds that petitioner's detention without a bond hearing has not yet become unreasonable and is still supported by a purpose to effect removal. The Court therefore concludes that petitioner has not shown a violation of due process with respect to his detention, and accordingly, it denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 3rd day of June, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

6